# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS E. LOUREIRO, | Case No.: 17cv2176-WQH-JMA |
| Plaintiff, | **ORDER** |
| v. | |
| UNITED STATES POST OFFICE, | |
| Defendant. | |

HAYES, Judge:

The matters before the Court are the motions to dismiss the complaint filed by Defendant United States Postal Service.[1] (ECF Nos. 3, 4).

## I. Background

On September 22, 2017, Plaintiff Carlos E. Loureiro, proceeding pro se, filed a "Plaintiff's Claim and ORDER to go to Small Claims Court" in the Superior Court of California for the County of San Diego. (ECF No. 1-2). Plaintiff alleges that Defendant "never sent my package back" and owes Plaintiff $344.40. *Id.* at 2.

---

[1] The United States Postal Service was erroneously sued as the United States Post Office. (*See* ECF No. 1).

1

On October 24, 2017, Defendant filed a notice of removal to this court. (ECF No. 1).

On October 26, 2017, Defendant filed a "Certificate of Service of Notice to Adverse Parties of Removal of a Civil Action to Federal Court." (ECF No. 2).

On October 30, 2017, Defendant filed a motion to dismiss for lack of subject matter jurisdiction. (ECF No. 3). On November 15, 2017, Defendant filed an amended motion to dismiss. (ECF No. 4). The motions are identical in relevant part.

The record reflects that Plaintiff has not filed a response to either motion.

## II. Legal Standards

Pursuant to Federal Rule of Civil Procedure 8(a), a complaint must contain a short and plain statement of the grounds for the court's jurisdiction. Fed .R. Civ. P. 8(a). A motion to dismiss filed pursuant to Rule 12(b)(1) is a challenge to the court's subject matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1). "Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree. It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). "A plaintiff suing in a federal court must show in his pleading, affirmatively and distinctly, the existence of whatever is essential to federal jurisdiction, and, if he does not do so, the court, on having the defect called to its attention or on discovering the same, must dismiss the case, unless the defect be corrected by amendment." *Tosco Corp. v. Communities for a Better Env't*, 236 F.3d 495, 499 (9th Cir. 2001) (quoting *Smith v. McCullough*, 270 U.S. 456, 459 (1926)) *abrogated on other grounds by Hertz Corp. v. Friend*, 559 U.S. 77 (2010). The Court liberally construes pleadings by pro se litigants. *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987). A jurisdictional attack pursuant to Rule 12(b)(1) may be facial or factual. *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). "In a facial attack, the challenger asserts that the allegations contained in the complaint are insufficient on their face to invoke federal jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).

A district court may properly grant an unopposed motion pursuant to a local rule where the local rule permits, but does not require, the granting of a motion for failure to respond. *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (affirming dismissal for failing to oppose a motion to dismiss, based on a local rule providing that "[t]he failure of the opposing party to file a memorandum of points and authorities in opposition to any motion shall constitute consent to the granting of the motion"). Civil Local Rule 7.1 provides, "If an opposing party fails to file the papers in the manner required by Civil Local Rule 7.1.e.2, that failure may constitute a consent to the granting of a motion or other request for ruling by the court." CivLR 7.1(f)(3)(c). "Although there is ... a [public] policy favoring disposition on the merits, it is the responsibility of the moving party to move towards that disposition at a reasonable pace, and to refrain from dilatory and evasive tactics." *In re Eisen*, 31 F.3d 1447, 1454 (9th Cir. 1994) (quoting *Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 652 (9th Cir. 1991)) (affirming dismissal for failure to prosecute).

### III.  Discussion

Defendant moves the Court for an order dismissing this action for lack of subject matter jurisdiction. (ECF Nos. 3, 4). Defendant contends that the complaint should be dismissed because the United States has not waived its sovereign immunity for claims arising out of the Postal Service's negligent transmission of mail. (ECF No. 3-1).

"The Postal Service enjoys federal sovereign immunity absent a waiver." *Dolan v. U.S. Postal Service*, 546 U.S. 481, 484 (2006). "The Federal Tort Claims Act grants a waiver of sovereign immunity in certain cases." *Anderson v. U.S. Postal Service*, 761 F.2d 527, 528 (1985) (citing 28 U.S.C. § 1346(b)). The Postal Reorganization Act of 1971 waives the immunity of the Postal Service and "provides that the FTCA 'shall apply to tort claims arising out of the activities of the Postal Service.'" *MB Fin. Grp., Inc. v. U.S. Postal Serv.*, 545 F.3d 814, 816 (9th Cir. 2008) (citing 39 U.S.C. § 409(c)). "The FTCA qualifies its waiver of sovereign immunity for certain categories of claims . . . . If one of the exceptions applies, the bar of sovereign immunity remains." *Dolan*, 546 U.S. at 485. "[B]y 28 U.S.C. § 2680(b), the United States retains sovereign immunity for tort claims against

it for 'loss, miscarriage, or negligent transmission' of the mail[]." *Anderson*, 761 F.2d at 528.

In this case, Plaintiff's claim is premised on the allegation that Plaintiff did not receive a package from the Postal Service. (ECF No. 1-2). As alleged, Plaintiff attempts to bring a tort claim for "loss, miscarriage, or negligent transmission" of the mail. 28 U.S.C. § 2680(b). This tort claim is barred by sovereign immunity. *See Anderson*, 761 F.2d at 528 (holding that a tort claim against the Postal Service for loss of a package stolen from a postal carrier prior to delivery was barred by sovereign immunity). Accordingly, Plaintiff fails to establish that the Court properly has subject matter jurisdiction over this action.

Further, the docket reflects that the motion to dismiss was served on Plaintiff on October 30, 2017 and the amended motion to dismiss was served on Plaintiff on November 15, 2017. (ECF Nos. 3-2, 4-2). Pursuant to the local rules, Plaintiff was to file any response to the motions to dismiss no later than fourteen days prior to the hearing dates. The docket reflects that Plaintiff has failed to file any responses to the motions to dismiss as required by Civil Local Rule 7.1.e.2. The Court construes Plaintiff's failure to oppose the motions to dismiss as "a consent to the granting of" the motions. CivLR 7.1(f)(3)(c).

**IV. Conclusion**

IT IS HEREBY ORDERED that the motions to dismiss the complaint for lack of jurisdiction are granted. (ECF Nos. 3, 4). The Complaint is dismissed.

Dated: January 17, 2018

Hon. William Q. Hayes
United States District Court